# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-7935 PA (JPRx) | Date | November 1, 2017 |
|---|---|---|---|
| Title | Jose Bonilla v. Dee Sign USA, LLC, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Dee Sign USA, LLC ("Defendant"). (Docket No. 1.)  In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Jose Bonilla ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

## I.    Background

On September 11, 2017, Plaintiff filed a complaint in Los Angeles County Superior Court generally relating to his termination from employment with Defendant.  (Notice of Removal Ex. A ("Compl."), Docket No. 1-1.)  Plaintiff alleges that Defendant terminated him due to limitations stemming from an injury that Plaintiff suffered, with the termination occurring shortly after Plaintiff returned to work from the injury.  Plaintiff alleges only state-law causes of action, specifically: (1) discrimination in violation of California Government Code § 12940 et seq.; (2) retaliation in violation of California Government Code § 12940 et seq.; (3) failure to prevent discrimination and retaliation in violation of California Government Code § 12940(k); (4) failure to provide reasonable accommodations in violation of California Government Code § 12940 et seq.; (5) failure to engage in good faith interactive process in violation of California Government Code § 12940 et seq.; and (6) wrongful termination in violation of the public policy of the State of California.

Defendant was served with the complaint on September 29, 2017.  (Notice of Removal ¶ 3.)  On October 30, 2017, Defendant filed this Notice of Removal.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-7935 PA (JPRx) | Date | November 1, 2017 |
|---|---|---|---|
| Title | Jose Bonilla v. Dee Sign USA, LLC, et al. | | |

U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)

In attempting to invoke this Court's diversity jurisdiction, Defendant must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also Rippee v. Bos. Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The contents of the notice of removal and supplemental evidence provided after the removal petition has been filed may be considered to determine whether the defendant has adequately shown that the amount in controversy has been met. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006); Cohn v. Petsmart, Inc., 281 F. 3d 837, 840, 840 n.1 (9th Cir. 2002). A court may also "consider any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Valdez, 372 F.3d at 1117 (quoting Matheson, 319 F.3d at 1090).

. . .
. . .
. . .
. . .

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-7935 PA (JPRx) | Date | November 1, 2017 |
|---|---|---|---|
| Title | Jose Bonilla v. Dee Sign USA, LLC, et al. | | |

## III.  Analysis

In its notice of Removal, Defendant asserts that this Court has diversity jurisdiction because Plaintiff is a citizen of California, Defendant is a citizen of Ohio, and Plaintiff's allegations place at least $87,800 in controversy.  (Notice of Removal ¶¶ 7-15.)

### A.  Plaintiff's Citizenship Has Not Been Established

As Defendant acknowledges, Plaintiff alleges in his complaint only that he is a resident of California.  (Compl. ¶ 2; see Notice of Removal ¶ 7.)  However, Defendant alleges that it "is informed and believes and thereon alleges that Plaintiff is domiciled in and is a citizen of the State of California for jurisdiction purposes, including because the address known by Defendant to be used by Plaintiff for various tax-related documents is a Los Angeles County address."  (Notice of Removal ¶ 7 (citing Lew v. Moss, 797 F.2d 747, 751-52 (9th Cir. 1986), for the proposition that a California residential address may establish that California was a party's state of domicile).  Defendant does not offer any evidence to support its allegation.

The complaint alleges Plaintiff's residence only.  Because a person's residence – even his primary residence – is not the same as his domicile, the complaint's allegations are insufficient to establish Plaintiff's citizenship.  Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Defendant's allegations beyond what is included in the complaint are insufficient to establish Plaintiff's citizenship.  See Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  The "address known by Defendant to be used by Plaintiff for various tax-related documents" is insufficient because Defendant does not indicate when this address was used by Plaintiff.  Regardless.  See Spencer v. U.S. Dist. Court for the N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed."); Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (noting the "core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected"); see also Davis Hispanic Scholarship Fund, No. CV 14-04509 MMM (PLAx), 2014 WL 12594136, at *3-4 (C.D. Cal. Sept. 15, 2014) (plaintiff's address provided on job application forms in the previous year not strong evidence of domicile at time of removal).  Additionally, even if current, the address would only establish Plaintiff's residence in California or, perhaps, his ownership of property there.  Defendant's allegation is insufficient to establish either here.  Moreover, as the case cited by Defendant explains, determination of an individual's domicile involves a number of factors, no single one of which is conclusive.  See Lew, 797 F.2d at 750.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-7935 PA (JPRx) | Date | November 1, 2017 |
|---|---|---|---|
| Title | Jose Bonilla v. Dee Sign USA, LLC, et al. | | |

Accordingly, the Notice of Removal does not adequately allege Plaintiff's citizenship, and Defendant has failed to demonstrate that complete diversity exists.  See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

## B.      Defendant Fails to Establish That the Amount in Controversy Exceeds $75,000

Defendant alleges that the complaint has put at least $87,800 in controversy.  (Notice of Removal ¶ 13.)  First, Defendant asserts that "Plaintiff seeks lost wages from the date of his termination, on or about January 6, 2017 which, based on his prior pay rate and through the date of Plaintiff filing his Complaint would constitute as much as approximately $18,900."  (Id. ¶ 13.)  Next, Defendant points to Plaintiff's allegation that he seeks "general damages for emotional and mental distress and aggravation in a sum **in excess** of the jurisdictional minimum of [the state court]," and adds an additional $25,000 to its calculation.  (Id. (quoting Compl. ¶ 34).)  Defendant cites a similar allegation as to punitive damages but then argues that if Plaintiff seeks punitive damages in a 1:1 ratio with actual damages, then another $43,900 are put into controversy, resulting in the $87,800 figure.  (Id. (quoting Compl. ¶ 35).)  Defendant also asserts that attorneys' fees may be included in the calculation of the amount in controversy, although Defendant does not suggest an amount of such fees or discuss them in any detail.  (See id. ¶¶ 11, 13.)  Finally, Defendant alleges that it has twice requested that Plaintiff stipulate that he seeks $75,000 or less but Plaintiff refused, which Defendant suggests is further indication that the jurisdictional amount is satisfied.  (Id. ¶ 15.)

Plaintiff does indeed seek "past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity."  (Compl. ¶ 33.)  But Plaintiff does not attach any number to these damages, and unlike damages for emotional distress and punitive damages, Plaintiff does not indicate that he seeks more than $25,000.  (See id.)  Defendant calculates that Plaintiff's lost wages would add up to approximately $18,900 based on Plaintiff's prior pay rate (Notice of Removal ¶ 13), but Defendant does not allege what that pay rate was or otherwise explain this calculation.  For example, Defendant does not indicate whether its calculation depends on other assumptions, such as an estimate of the amount of time that Plaintiff would have worked.  Nor does Defendant present any evidence to support its calculation of lost wages.  As a result of this deficiency, Defendant fails to establish that Plaintiff seeks damages in excess of $75,000.

As to punitive damages, Defendant states that "under federal and state law, the amount of punitive damages must bear a reasonable relationship to other damages and should not exceed a 10:1 ratio," but then without elaboration applies a 1:1 and argues that "it is plausible to believe that Plaintiff is seeking at least $43,900 in punitive damages."  (Notice of Removal ¶ 13.)  But Defendant fails to cite any cases to support its assertions or to explain why a 1:1 ratio of punitive damages to actual damages might be appropriate in this case.  For example, Defendant does not analogize the facts of this case to other cases where punitive damages were awarded.  The complaint itself merely suggests that Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-7935 PA (JPRx) | Date | November 1, 2017 |
|---|---|---|---|
| Title | Jose Bonilla v. Dee Sign USA, LLC, et al. | | |

seeks punitive damages in excess of $25,000. Because Defendant fails to adequately support an allegation of any amount higher that $25,001, Defendant has not established that Plaintiff's request for punitive damages brings Plaintiff's requested relief above $75,000.

Defendant's other, general allegations about Plaintiff's claims and the various forms of relief that he seeks (see Notice of Removal ¶ 12) are insufficient to carry Defendant's burden of establishing that this Court has subject matter jurisdiction. Nor is Defendant's reference to Plaintiff's prayer for attorneys' fees sufficient. As noted above, Defendant suggests that attorneys' fees may be included in determining the amount in controversy but does not further discuss the issue. Although attorneys' fees may properly be considered as part of the amount in controversy, Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998), decisions from within the Ninth Circuit recognize a "split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case," Aguilar v. Courtyard Mgmt. Corp., No. CV 13-7181 MMM (SHx), 2014 WL 12597037, at *8 (C.D. Cal. Jan. 13, 2014) (collecting cases). In any event, Defendant has not offered evidence of any accrued or anticipated attorneys' fees, attempted to analogize the facts of this case to others in which attorneys' fees were awarded, or provided any other basis upon which to estimate an award of attorneys' fees.

Finally, Plaintiff's refusal to stipulate to the amount of damages he seeks could have been the result of any number of factors, and so it does not establish that it is more likely than not that the amount in controversy exceeds $75,000.

Accordingly, the Court cannot find that it is more likely than not that the amount in controversy exceeds $75,000.

## Conclusion

For the foregoing reasons, Defendant has not met its burden of establishing that the Court possesses diversity jurisdiction over this action. Defendant's request to brief or present oral argument in support of its position is denied. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC675193. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.